*1 - 617 - 748 - 9179*

(1) Revised Complaint in U.S. District Court in Duplicate.
(2) Request under <u>Rule 4</u> for Waiver of Service of Process in Duplicate.

FILED
Clerk's Office
USDC, Mass.
Date 8/30/05
By _mR._
Deputy Clerk

# U.S. District Court  Boston, Massachusetts
## District of Massachusetts

Robert J. Gallagher
**Plaintiff**

v.

NewPharm Distributors, LLC; Rx-ePharm
Eugene E. Newman, Reg. Agent
Ralph Jordan, Acting Agent and/or Individually-Separately
Corporate ID # B39894
6734 Edinborough Drive. W Bloomfield, MI 48322

**Defendants**

**Civil No. 05-10612 DPW** Dein MJ

**Jury Trial Demanded** 1811 DPW

# <u>Motion to Amend Complaint</u>

In response to the Court's May 10, 2005 ruling and Order on Motions regarding amending the Complaint itself and complying with the usual means of Service of Process, Plaintiff moves to amend this Complaint as indicated in the Heading and as follows:

# <u>Complaint</u>

## <u>Now comes the Plaintiff (P) and states the following</u>:

(1) P is Robert J. Gallagher of 688 Boston Post Rd. East, Unit 103, Marlborough, MA 01752 who is litigating for himself and for the state under a **Qui Tam** and **Whistleblower Claim**.

(2) P is a Massachusetts State-Certified Educator in School Administration, Middle School, Elementary School, Math, English, Social Studies, and Latin.

(3) P is an Episcopal Priest in good-standing with the Episcopal Diocese of Massachusetts.

(4) P holds degrees of Doctor of Law (J.D.) '98, Doctor of Ministry '86, Master of Divinity '81, Master of Arts in U.S. History '77, Master of Education '66, and Bachelor of Arts '63.

(5) Defendants (D) are NewPharm Distributors, LLC; Rx-ePharm; Eugene E.Newman, Reg. Agent; Ralph Jordan, Acting Agent and/or Individually-Separately who communicated with P at internet electronic mail RevDrBob@aol.com and at home telephone 508-786-0848 from internet electronic mail RalphJordan @NewPharm.net, from Service@NewPharm.net, from Rehovaot/DrugStoreBestBuys.com http://www.drugstorebestbuys. com, from service@Rx-ePharm.com, and from telephone number 866-890-8629, verified by P's Caller ID.

(6) Defendants are registered under Corporate ID # B39894 at 6734 Edinborough Drive, W Bloomfield, MI 48322 as a licensed Pharmacy "dedicated to bringing you the lowest prices on FDA Approved Medications" with "free online prescriptions, 24/7 customer care, and worldwide free shipping."

(7) P ordered $314 worth of medication online from **NewPharm.net** on February 8, 2005.

(8) P canceled order within hours when P realized that medication ordered conflicted with blood pressure medication already prescribed.

(9) Pharmacy still sent medications.

(10) Upon notification to UPS, P allowed time to run out for delivery so UPS would return package to seller unopened.

(11) P was charged $314 on VISA card by D.

(12) P contacted D pharmacy a minimum of five times for credit.

(13) No reply of any kind from pharmacy.

(14) P informed pharmacy P would file a *Federal Trade Commission (FTC)* Complaint.

(15) No reply of any kind from pharmacy.

(16) On March 8, 2005, P filed Complaint #559196 OMB # 3084-004 with *The Federal Trade Commission (FTC) Bureau of Consumer Protection*- and sent a copy of the Complaint to D.

(17) Two days later, on March 10, 2005 at 7:11 a.m. , P received telephone call at his home from "Ralph Jordan of NewPharm.net," accusing him of internet fraud, i.e., receiving medications from D via UPS and then seeking to be credited. P's telephone ID noted the source as 866-890-8629.

(18) P informed D that all he need do was contact UPS to verify P's claim that P had never received such medication and had allowed them to be returned to the pharmacy unopened.

(19) P continued to repeat the same accusation, P informed D that P was hanging up the telephone, and P hung up.

(20) Seconds later the telephone rang again. P did not answer personally as D obviously had not had the opportunity to contact UPS. Rather, P's answering machine took the call.

(21) D left the following verbatim message: ***"Mr. Gallagher, This is Ralph Jordan again from NewPharm.net. Unless I receive a letter of apology within the next hour, I'm going to file a complaint with your local police and the FBI for inter net fraud. Other than that, we will sue you for defamation, libel, and***

false accusation" (Emphasis added).

(22) The recorded message continued: **"And on top of all that, we will contact your local paper complaining to them what a reverend you are and what kind of a doctor you are . You are a shame to your religion and a disgrace to your profession I expect an email from you within the next hour apologizing. Thank you."** (Emphasis added).

(23) When P included the names of the pharmacy's advertised links in his complaint to the FTC, a separate email from Clive D. Wallace of **WallCann International** (clivew@wallcann.com) stated: **"If our name is any way damaged as a result of your incorrect filing of complaint, you will be black listed with credit card providers and suppliers for fraudulent use of credit card in addition to our seeking damages."** This statement was made even after D had learned that P had not defrauded the pharmacy.

(24) Within the hour, D emailed P, confirming his answering machine message: **"Dear Robert, You placed an order on 8th Feb 2005 and your order was delivered to you by UPS. We have a strict policy of no returns unless there is a problem with the product. We have not received back your order therefore we do not see any reason to cancel your order. I tried to talk to you over the phone but you decided to hang up, therefore I stand by the message I left on your answering machine. We will file a complaint with your local police and the FBI for inter net fraud, we will file with the district court against you for defamation and slander... As for any action you wish to take against me, it will be my pleasure to face you in court. Best regards, Ralph Jordan. New Pharm. "**

(25) The email above indicated a cc to consumer@state.ma.us (**Massachusetts Consumer Affairs and Business Regulations**)- in effect, falsely reporting P to the state authorities- and to clivew@wallcann.com.

(26) Clive D. Wallace instructed Jordan to fully refund P after ascertaining that P had, in fact, never received the medication, i.e., had not committed inter net fraud.

(27) D fully credited P with monies paid.

(28) Nevertheless, in the meanwhile, D's rush to judgment and persistence in error, in the person of Ralph Jordan and those whom he represented, caused immense fallout and indicated a potential risk to other consumers.

(29) D's actions constitutes conduct that is extreme and outrageous and "shocking to the conscience" of an average consumer in today's society.

(30) Indicative of the continuing malice of D's statements, to the date of this Complaint filing, Defendants have made no kind of apology to P nor sent any cc memos indicating a retraction of the statements made to consumer@state.ma.us (Massachusetts Consumer Affairs and Business Regulations) or to clivew@wallcann.com.

(31) When informed of potential litigation in the Courts, Defendant Ralph Jordan indicated a flippant attitude toward the Courts: (1) **"It will be my pleasure to face you in court;"** (2) **"Anything else?"** (3) **"What do I do now?"** (4) **"Oh, that's so**

*good to know."*

(32) P has verbatim tape and printed downloads of all of the above correspondence.

(33) On April 7, 2005, P attempted **Waiver of Service of Process** upon D via *Process Forwarding International (PFI), Official Process Server to U.S. Department of Justice and U.S. State Department.*

(34) On April 13, 2005, P received another live call from a man who identified himself as (D) Ralph Jordan of NewPharm.net. P readily recognized the voice and characteristic accent. Jordan stated that D was *"well-protected from any complaints with the authorities"* and could be "*as evasive as we want to be"* and that P was *"wasting your time and money trying to hold us responsible"*. D added: "*You can't serve us because we are invisible- so give it up, fucking asshole."* Conversation ended: *"You think you're going to get us but what is really going to happen is we will get you. Drop it or else*."

(35) On April 13, 2005, at the advice of the *Unlawful Telephone Calls Department of Verizon*, P filed an official Complaint with the **Marlborough, Massachusetts Police Department** as *Telephone Harassment and Unlawful Telephone Calls (Incident 05-7260).*

(36) P files affidavit with this Complaint asserting the above to be true.

(37) This Honorable Court has jurisdiction over these matters under the following: diversity of citizenship; the interstate mailing of FDA-approved medications; *The Federal Unfair Debt Collection Practices Act*; use of the inter net and telephone to falsely accuse, threaten, slander, and harass; and D's retaliation against P for exercising his rights to file a complaint with the Federal Trade Commission and with the United States District Court. Co-jurisdiction also exists re *M.G.L c 93A* addressing unfair or deceptive practices in violation of the *Massachusetts Consumer Protection Act.*

(38) This Honorable Court also has jurisdiction over consumer *Qui Tam* and *Whistleblower Claims* against businesses whose business policies injure the state as well as the consumer. U.S. v. Florida-Vanderbilt Development Corp., D.C., Fla., 326 F.Supp. 289,290. Whistleblowers are entitled to protection from retaliation by provisions of the *Federal Whistleblower Protection Act.*

## Summary

Defendants' actions and policies are of the kind and nature which injure not only the consumer but also *the government*.

Whistleblowers are entitled to protection from retaliation by provisions of the *Federal Whistleblower Protection Act* and via *Qui Tam Claims*.

Defendants retaliated against P for filing Complaint with the *FTC Federal Trade Commission* when P had unsuccessfully sought to be credited for medications which he had canceled and which he had not received, allowing delivery to be returned unopened.

Defendants also harassed P for filing Complaint with *United States District*



*Court*, referring to themselves as *"invisible."*

D purposefully and/or negligently rushed to judgment and persisted in error-charging P with inter net fraud, threatening to report him to his local police and FBI, threatening to smear him in the local newspapers, actually falsely reporting and defaming him to consumer@state.ma.us and to clivew@wallcann. com, and slandering P on his own home answering machine where P's family could overhear the slur of being *"a shame to your religion and a disgrace to your profession."*

Indicative of the inherent malice: at the filing of this complaint, neither the pharmacy nor its representative Ralph Jordan has issued any kind of apology or retraction either to P or to any other recipients of these characterizations. In fact, D has exacerbated the incident via a further telephone call which mocks agencies responsible for curbing this type of business practice.

D has performed unfair and deceptive business and debt collection practices; flagrantly abused the inter net to falsely accuse, threaten, slander, and harass; and has opted to intentionally inflict needless emotional distress.

Finally, Defendants have acted in bad faith by refusing for months to provide business address for *Service of Process* and for *Request of Waiver of Process*. P has been required to perform extensive research in order to find any kind of address other than electronic- which the Court will not permit to satisfy Service requirements.

## Relief Sought

Therefore, Plaintiff seeks the following relief:

(1) $750,000 injury to the government for business practices which unconscionably retaliate against Whistleblowers via unlawful telephone calls and via internet harassment, such Whistleblower Reporters being entitled to protection from retaliation by provisions of the *Federal Whistleblower Protection Act* and under *Qui Tam Claim.*

(2) $100,000 punitive/exemplary damages for violation of Federal Unfair Debt Collection Practice Act, slander, and malice in pursuing error even when informed that a mere contact with UPS would settle matters.

(3) $50,000 punitive/exemplary damages for using the inter net and telephone negligently and maliciously- and for refusing to provide full disclosure of business address and location.

(4) Plaintiff's ongoing medical costs for Defendants' aggravation of high blood pressure and diabetic condition at a time when P is without health care.

(5) Attorney fees, court costs, and service of process fees.

(6) Any other action this Honorable Court may deem right and just.

Respectfully submitted,

Robert J. Gallagher (Pro Se at this time)          July 6, 2005

# Certification

I, Robert J. Gallagher, hereby certify that a true copy of the above is scheduled to be served upon the following via sheriff ~~within the next ten days~~ if Defendants do not notify me that they agree to **Waiver of Service of Process** *within 30 days of first class mail.*

NewPharm Distributors, LLC / Rx-ePharm
Corporate ID # B39894
Eugene E. Newman, Reg. Agent
Ralph Jordan, Acting Agent and/or Individually-Separately
6734 Edinborough Drive
W Bloomfield, MI 48322

Each defendant is receiving this very request for **Waiver of Service of Process** in duplicate via first class mail **and** in duplicate via electronic mail upon which they depend for business. Such request provides all of the necessary data below, including a reminder of the risk they face of incurring the costs themselves.

The following information regarding **Rule 4** is being included in the communication:

**Waiver of Service; Duty to Save Costs of Service; Request to Waive.**

**(1) A defendant who waives service of a summons does not thereby waive any objection to the venue or to the jurisdiction of the court over the person of the defendant.**

**(2) An individual, corporation, or association that is subject to service under subdivision (e), (f), or (h) and that receives notice of an action in the manner provided in this paragraph has a duty to avoid unnecessary costs of serving the summons. To avoid costs, the plaintiff may notify such a defendant of the commencement of the action and request that the defendant waive service of a summons. The notice and request**

**(A) shall be in writing and shall be addressed directly to the defendant, if an individual, or else to an officer or managing or general agent (or other agent authorized by appointment or law to receive service of process) of a defendant subject to service under subdivision (h);**

**(B) shall be dispatched through first-class mail or other reliable means;**

**(C) shall be accompanied by a copy of the complaint and shall identify the court in which it has been filed;**

**(D) shall inform the defendant, by means of a text prescribed in an official form**

promulgated pursuant to Rule 84, of the consequences of compliance and of a failure to comply with the request;

(E) shall set forth the date on which request is sent;

(F) shall allow the defendant a reasonable time to return the waiver, which shall be at least 30 days from the date on which the request is sent, or 60 days from that date if the defendant is addressed outside any judicial district of the United States; and

(G) shall provide the defendant with an extra copy of the notice and request, as well as a prepaid means of compliance in writing.

If a defendant located within the United States fails to comply with a request for waiver made by a plaintiff located within the United States, the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown.

(3) A defendant that, before being served with process, timely returns a waiver so requested is not required to serve an answer to the complaint until 60 days after the date on which the request for waiver of service was sent, or 90 days after that date if the defendant was addressed outside any judicial district of the United States.

(4) When the plaintiff files a waiver of service with the court, the action shall proceed, except as provided in paragraph (3), as if a summons and complaint had been served at the time of filing the waiver, and no proof of service shall be required.

(5) The costs to be imposed on a defendant under paragraph (2) for failure to comply with a request to waive service of a summons shall include the costs subsequently incurred in effecting service under subdivision (e), (f), or (h), together with the costs, including a reasonable attorney's fee, of any motion required to collect the costs of service.

Respectfully submitted,

Robert J. Gallagher (Pro Se at this time)          July 6, 2005

# United States District Court
## District of Massachusetts (Boston)
## CIVIL DOCKET FOR CASE #: 1:05-cv-10612-DPW

Gallagher v. Citizens Bank of Massachusetts
Assigned to: Judge Douglas P. Woodlock
Cause: 28:3001 Federal Debt Collection Act

Date Filed: 03/25/2005
Jury Demand: Plaintiff
Nature of Suit: 190 Contract: Other
Jurisdiction: Federal Question

**Plaintiff**

**Robert J. Gallagher**

represented by **George W. Gray, Jr.**
Law Office of George W. Gray Jr.
110 Haverhill St.
Suite 315
Amesbury, MA 01913
978-388-1032
Fax: 978-388-1033
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Citizens Bank of Massachusetts**

| Date Filed | # | Docket Text |
|---|---|---|
| 08/05/2005 | | NOTICE of Hearing on Motion 9 MOTION to Substitute Party, 10 MOTION to Amend 1 Complaint: Motion Hearing set for 8/30/2005 03:00 PM in Courtroom 1 before Judge Douglas P. Woodlock. (Rynne, Michelle) (Entered: 08/05/2005) |
| 07/11/2005 | 11 | AFFIDAVIT of Robert J. Gallagher by Robert J. Gallagher. (Nici, Richard) (Entered: 07/13/2005) |
| 07/11/2005 | 10 | MOTION to Amend 1 Complaint by Robert J. Gallagher.(Nici, Richard) (Entered: 07/13/2005) |
| 06/23/2005 | 9 | MOTION to Substitute Party by Robert J. Gallagher.(Nici, Richard) (Entered: 06/27/2005) |
| 06/23/2005 | 8 | Letter/request (non-motion) from Robert J. Gallagher. (Nici, Richard) (Entered: 06/27/2005) |
| 06/21/2005 | | Judge Douglas P. Woodlock : Electronic ORDER entered. ORDER REQUIRING ELECTRONIC FILING. It is hereby ORDERED that, unless |

| | | |
|---|---|---|
| | | leave is granted, upon good cause shown, to file paper documents in lieu of electronic filing via this Court's CM/ECF system, ALL future submissions in this case must be electronically filed. Such filings shall be made in accordance with, and subject to, the terms and conditions of electronic filing as set forth by this Court. All parties and counsel who choose to appear in this action must make arrangements to register for participation in electronic case filing, if they have not already done so. It is FURTHER ORDERED that Notices, Orders and Memoranda of the Court will only be filed and served electronically. Once a party or counsel has registered for electronic filing, it is his/her responsibility to monitor his/her e-mail to ensure receipt of electronic notices. Any changes in e-mail addresses must be reported to the Court immediately(Nici, Richard). (Entered: 06/21/2005) |
| 06/20/2005 | ●7 | NOTICE of Appearance by George W. Gray, Jr on behalf of Robert J. Gallagher (Nici, Richard) (Entered: 06/21/2005) |
| 06/14/2005 | ●6 | USCA Judgment Re: Petition for writ of mandamus: In his present filing, in the nature of a petition for writ of mandamus, petitioner seems to be claiming that the district court has confused two separate law suits: (1) Gallagher v. Citizens Bank nd (2) Gallagher v. NewPharm.net. He claims that these are separate actions, but that the district court has assigned the same number to both cases. Petitioner indicates that he wishes to proceed under only the second case. Petitioner brought this alleged mix-up in the district court's attention in a letter docketed on May 23, 2005. As we trust that the district court, in due course, will respond to the letter, we deny mandamus relief at this time. DENIED. (Ramos, Jeanette) (Entered: 06/14/2005) |
| 05/23/2005 | ●5 | Letter/request (non-motion) from Robert J. Gallagher. (Nici, Richard) (Entered: 05/24/2005) |
| 05/10/2005 | ● | Judge Douglas P. Woodlock : Electronic ORDER entered denying 4 Motion Subsequent to Insuance of Summons. DENIED, the relief sought by plaintiff will only be considered if sought in compliance with relevant rules for service of process and amendment of complaint. (Rynne, Michelle) (Entered: 05/10/2005) |
| 04/20/2005 | ●4 | MOTION Subsequent to Insuance of Summons by Robert J. Gallagher. (Attachments: # 1 Affidavit)(Nici, Richard) Additional attachment(s) added on 4/22/2005 (Nici, Richard). (Entered: 04/21/2005) |
| 03/29/2005 | ● | If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Alexander. (Nici, Richard) (Entered: 03/31/2005) |
| 03/29/2005 | ● | Summons Issued as to Citizens Bank of Massachusetts. (Nici, Richard) (Entered: 03/31/2005) |
| 03/25/2005 | ●2 | Letter/request (non-motion) from Citizens Bank. (Nici, Richard) (Entered: 03/31/2005) |

| 03/16/2005 | ●3 | Letter/request (non-motion) from Robert J. Gallagher. (Nici, Richard) (Entered: 03/31/2005) |
|------------|----|----|
| 03/16/2005 | ●1 | COMPLAINT against Citizens Bank of Massachusetts Filing fee: $ 250, receipt number 63069, filed by Robert J. Gallagher. (Attachments: # 1 Cover Sheet)(Nici, Richard) (Entered: 03/31/2005) |

%JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff    MIDDLESEX  USA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    USA
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)

N/A  pro se

Attorneys (If Known)

*(Handwritten across form: 05 CV 11811 DPW)*

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

☐ 1  U.S. Government
      Plaintiff

☒ 3  Federal Question
      (U.S. Government Not a Party)

☐ 2  U.S. Government
      Defendant

☐ 4  Diversity
      (Indicate Citizenship of Parties in Item III.)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|                                      | PTF | DEF |                                                  | PTF | DEF |
|--------------------------------------|-----|-----|--------------------------------------------------|-----|-----|
| Citizen of This State                | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State             | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation                                   | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 440 Other Civil Rights

**PERSONAL INJURY**
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
    Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☒ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

## V. ORIGIN  (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC 1692 , 31 USC 3729 - 3733 / 18 USC 51631/18 USC 1505/45 USC 60

Brief description of cause:
QUI TAM (FTA LIBMAN - THREATS IN VIOLATION OF FED. WISTLE BLOWNPR + UNFAIR DEBT

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $  900,000

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):    JUDGE                          DOCKET NUMBER

DATE  8/30/05      SIGNATURE OF ATTORNEY OF RECORD  *Robert J Gallagher (pro se)*

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only) __Robert J. Gallagher v NewPharm Distributors, LLC; Rx-ePharm__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] **I.** 160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   - [x] **II.** 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,  *Also complete AO 120 or AO 121
     740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    for patent, trademark or copyright cases

   - [ ] **III.** 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
     315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
     380, 385, 450, 891.

   - [ ] **IV.** 220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
     690, 810, 861-865, 870, 871, 875, 900.

   - [ ] **V.** 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES [ ]   NO [x]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES [ ]   NO [x]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES [ ]   NO [ ]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES [ ]   NO [ ]

   A.   If yes, in which division do all of the non-governmental parties reside?

   Eastern Division [ ]        Central Division [ ]        Western Division [ ]

   B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

   Eastern Division [ ]        Central Division [ ]        Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME __N/A Pro Se Plaintiff__

ADDRESS __688 Boston Post Rd. East -Unit 103- Marlborough MA 01752__

TELEPHONE NO. __508-2070482__

(CategoryForm.wpd - 5/2/05)