```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


ROBERT J. GALLAGHER,           )
     Plaintiff,                )
                               )   CIVIL ACTION NO.
          v.                   )   05-11811-DPW
                               )
NEWPHARM DISTRIBUTORS, LLC     )
EUGENE E. NEWMAN, REG. AGENT   )
RALPH JORDAN, ACTING AGENT     )
AND/OR INDIVIDUALLY-SEPARATELY,)
     Defendants.               )
```

<u>MEMORANDUM AND ORDER</u>
March 28, 2006

This case can be considered the successor to a separate case, <u>Gallagher v. Citizens Bank of Massachusetts</u>, Civil Action No. 05-10612. There the plaintiff filed and then withdrew a complaint against a banking institution defendant regarding a home equity loan. Referring to the banking institution as "Wrong/Unintended Defendant named on docket," he sought to proceed with the No. 05-10612 action through motions to amend and substitute parties, proffering what he styled a "Federal Whistleblower Protection Act and Qui Tam [retaliation] claim" and seeking "punitive/exemplary damages for violation of Federal Unfair Debt Collection Practice Act, slander and malice" against certain pharmaceutical distributors arising out of the return of certain mail order drugs for which plaintiff was charged $314.00.

In order to dispel the confusion created as a result of the

plaintiff's multiple filing of complaints, I held a hearing to determine from plaintiff--whose submissions have been somewhat difficult to follow--what his intentions were.

At the hearing, the plaintiff confirmed that he had abandoned the case against Citizens Bank.  In order to avoid further confusion, I directed that the case against the pharmaceutical distributors be drawn as a separate action and, in recognition of the anomalous collection of misunderstandings between plaintiff and the clerk's office, waived a further filing fee.  The complaint formally initiating this action was then filed on August 30, 2005.

In the earlier 05-10612 action, the plaintiff, complaining of difficulties in obtaining service upon the defendants he pursues here, requested "waive[r] of service of process under Fed. R. Civ. P. #4."  I denied the request by order entered May 10, 2005, holding the plaintiff to "compliance with relevant rules for service of process. . . ."  The plaintiff apparently continues to be unsuccessful in effecting service of process on the defendants and seeks special treatment.  Through a "Motion for Order of Notice" filed less than two weeks after the complaint in this case, he asked:

> that adequate notice be satisfied by a means
> other than the ordinary FRCP, Rule 4 Service
> of Process procedures, i.e.,
>
>  (I) via *publication* under FRCP IX.  Special
> Proceedings Rule 71A,(3)(B), i.e. the

>    Defendants cannot be personally served,
>    because after diligent inquiry within the
>    state in which the complaint is filed the
>    defendant's place of residence cannot be
>    ascertained by the plaintiff; or,
>      (II) via electronic mail under which the
>    defendants are operating; or
>        (III) via service at last know address; or
>        (IV) via otherwise

None of these extraordinary means appears in compliance with the Federal Rules of Civil Procedure. Rule 71A deals with condemnation procedure; electronic mail service of a summons is not recognized; and without particularization it is unclear what plaintiff means by "service at last known address" or "otherwise." Thus, plaintiff's request to be relieved from the obligations of customary service must again be denied.

The court cannot provide a litigant with advice about the manner in which service may properly be effected beyond directing the litigant to the relevant provisions. The plaintiff reports in his complaint that he received a law degree in 1998, ¶ (4); he consequently must have been introduced to the several treatises discussing service of process in the federal courts upon corporations and individuals. He may wish to consult such texts further. But simply because the procedures are demanding and frustrating, a party to litigation cannot be relieved of customary service of process obligations.

Although Local Rule 4.1, together with Fed. R. Civ. P. 4(m), provides for dismissal of cases such as this, in which a proof of

service is not returned within 120 days of the filing of the complaint, I will <u>sua sponte</u> enlarge this time period for the filing of proof of service until June 1, 2006.  The plaintiff is advised, however, that if proof of service is not filed on or before that date, this action will be dismissed.

                    /s/ Douglas P. Woodlock

_____
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE