UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT J. GALLAGHER,  )<br>    Plaintiff,  )<br>)<br>Vs.  )<br>)<br>NEWPHARM DISTRIBUTORS, LLC  )<br>)<br>    Defendant.  ) | CASE NO.05 CV11811-DPW |

# FIRST AMENDED COMPLAINT

## PARTIES

1. Plaintiff, Robert J. Gallagher ("Gallagher") is an individual having a usual place of residence in Marlborough, Middlesex County, Massachusetts.

2. Defendant, NewPharm Distributors, LLC, ("NewPharm") is a Michigan based corporation having a highly interactive, commercial web site as the means for its primary source of business.

## JURISDICTION AND VENUE

3. This court has original jurisdiction for claims arising under 15 USCS §1692. Jurisdiction is also proper under 15 U.S.C. §1332 based on NewPharm's highly interactive web site.

4. Venue is proper since plaintiff resides in the Eastern District of Massachusetts.

## FACTS COMMON TO ALL COUNTS

5. On February 8, 2005 "Gallagher" visited NewPharm.net, a highly interactive commercial web site. While using the services provided by the site, "Gallagher" was

able to seek a free Dr. Consultation, as well as other services that allowed "NewPharm" to provide interactive online services to "Gallagher".

6. On February 8, 2005 "Gallagher" used a credit card to purchase medication from "NewPharm".

7. "Gallagher" learned just a few hours later that the medication ordered would seriously conflict with his current long term medications, worsening pre-existing medical ailments and exposing "Gallagher" to severe side effects or even death.

8. "Gallagher" promptly informed "NewPharm" of the conflict and the serious risks posed to his health and cancelled his order.

9. "NewPharm" has a policy of shipping orders within twenty four hours from the time payment is approved.

10. "Gallagher" requested that the order not be shipped and that his purchase price be returned in full.

11. Several days later, the prescription was delivered to "Gallagher" via UPS.

12. "Gallagher" refused delivery, and the prescription was returned to "NewPharm" unopened.

13. After the order was cancelled and delivery refused the purchase price was charge to the VISA card originally provided by "Gallagher".

14. "Gallagher" contacted "NewPharm" no less than five times in order to obtain a credit for the amount wrongly charged to his account.

15. "Gallagher", after allowing "NewPharm" several opportunities to provide a credit informed "NewPharm" that he would file a complaint against them through The Federal Trade Commission.

16. On March 8, 2005 "Gallagher" filed complaint #559196 OMB #3084-004 with The Federal Trade Commission Bureau of Consumer Protection.

17. "Gallagher" sent a copy of the complaint to "NewPharm" as a courtesy in hopes that they would refund his purchase price in full and end the dispute.

18. On March 10, 2005 at 7:11 AM EST "Gallagher" received a phone call from Mr. Jordan, an acting representative of "NewPharm".

19. Mr. Jordan during this phone conversation accused "Gallagher" of receiving and keeping the medications. Mr. Jordan also accused Mr. Gallagher of attempting to commit internet fraud.

20. "Gallagher" informed Mr. Jordan that UPS could verify the package had not been delivered. Mr. Jordan continued to verbally accuse and harass "Gallagher", at which point Mr. "Gallagher" ended the conversation.

21. Within minutes Mr. Jordan called again and left a voice message that included various accusations of fraud. Mr. Jordan threatened to file complaints for fraud with the FBI and the local police. Mr. Jordan informed "Gallagher" that "NewPharm" would immediately initiate legal proceedings against him for defamation, libel, and false accusations.

22. Mr. Jordan also threatened to call a local newspaper and slander "Gallagher" as a doctor and reverend due to his purchase of medications and due to the dispute.

23. Mr. Jordan, during this message called "Gallagher" "a shame to his religion" and "a disgrace to your profession."

24. An hour after the message was left Mr. Jordan sent an email to "Gallagher" reiterating the same messages left on his answering machine. The e-mail stated

that"We will file a complaint with your local police and the FBI for internet fraud, we will file with the district Court against you for defamation and slander…" This e-mail was cc to consumer@state.ma.us . (Massachusetts Consumer Affairs and Business Regulations)

25. "NewPharm" refunded the fraudulently collected money.

26. After the credit was received "Gallagher" informed Mr. Jordan of the extreme stress and emotional turmoil he had suffered due to the harsh treatment he received.

27. Mr. Jordan responded by calling "Gallagher" a "fucking asshole."

**Count I**

**NEWPHARM'S VIOLATION OF 15 U.S.C. §1692(d)(1)**

28. "Gallagher" realleges paragraphs 1-27 and incorporates the same as if fully incorporated herein.

29. In violation of 15 USC § 1692(d) Ralph Jordan an agent of "NewPharm" threatened to take criminal actions against "Gallagher" by filing false claims with the FBI and local authorities.

30. "Gallagher contends that the natural intended consequences of these threats was to harass and abuse "Gallagher, as well as oppress Gallagher from asserting his rights as a consumer.

31. As a result of these threats and violation "Gallagher" has been damaged.

**COUNT II**

**NEWPHARM'S VIOLATION OF 15 U.S.C. § 1692(d)(2)**

32. "Gallagher" realleges paragraphs 1-31 and incorporates the same as if fully incorporated herein.

33. In violation of 15 U.S.C. § (d)(2) Ralph Jordan, on behalf of "NewPharm" used: abusive and profane language on the telephone and over the internet, the natural consequence of which was to abuse the hearer and reader.

34. As a result of the profane language and violation "Gallagher" has been damaged.

## COUNT III

## NEWPHARM'S VIOLATION OF 15 U.S.C. § 1692(d)(5)

35. "Gallagher" realleges paragraphs 1-34 and incorporates the same as if fully incorporated herein.

36. In violation of 15 U.S.C. § (d)(5) Ralph Jordan, on behalf of "NewPharm" used: abusive and profane language on the telephone at 7:11 AM on March 10, 2005, the natural consequence of which was to abuse and harass the hearer.

37. In violation of 15 U.S.C. §1692 (d) (5) Ralph Jordan called "Gallagher's" home during times that are prohibited for the purposes of collecting a debt.

38. As a result of the profane language and violation "Gallagher" has been damaged.

## COUNT IV

## NEWPHARM'S VIOLATION OF 15 U.S.C. § 1692 (e)

39. "Gallagher" realleges paragraphs 1-38 and incorporates the same as if fully incorporated herein.

40. Ralph Jordan acting on behalf of "NewPharm" repeatedly informed "Gallagher" that he would file reports with the FBI and local authorities that "Gallagher" had or was committing internet fraud.

41. Ralph Jordan acting on behalf of "NewPharm" repeatedly informed "Gallagher" that he would immediately initiate legal proceedings against "Gallagher" for defamation, libel and false accusations.

42. Ralph Jordan acting on behalf of "NewPharm" repeatedly informed "Gallagher" that he would contact local news reporting agencies in order to publicly embarrass "Gallagher" by attempting to publish false allegations of "Gallagher's alleged misconduct.

43. As a result of these threats and violation "Gallagher" has been damaged.

## COUNT V

## NEWPHARMS INTENTIONAL INFLICTION OF EXTREEM EMOTIONL DISTRESSS

44. "Gallagher" realleges paragraphs 1-43 and incorporates the same as if fully incorporated herein.

45. "Gallagher" asserts that "NewPharm's" behavior towards him was extreme and outrageous.

46. "NewPharm" was informed of "Gallagher's" pre-existing blood pressure condition from statements made by "Gallagher" when he attempted to cancel his order.

47. "NewPharm" knew or should have known that its abusive, vulgar language and threats to reputation and professional status would cause any individual extreme emotional distress.

48. NewPharm behaved in an abusive, harassing manner that exceeds the scope of what a reasonable consumer should expect.

49. As a direct result of the intentional abusive behavior of "NewPharm" "Gallagher" has suffered several physical manifestations, such as head aches, loss of sleep, loss of weight and elevated sugar and blood pressure levels. Said physical conditions are directly attributable to the extreme stress caused by the unlawful, extreme, and outrageous conduct of "NewPharm".

50. As a result of "NewPharm's" extreme conduct "Gallagher" has been damaged.

## COUNT VI

## DEFAMATION

51. "Gallagher" realleges paragraphs 1-50 and incorporates the same as if fully incorporated herein.

52. On or about March 10, 2005 The Defendant, "NewPharm" published the following false accusations and statements to consumer@state.ma.us . (Massachusetts Consumer Affairs and Business Regulations) "We will file a complaint with your local police and the FBI for internet fraud, we will file with the district Court against you for defamation and slander…"

53. The above statement of "NewPharm" are false allegations.

54. The above statement are defamatory per se.

55. As a result of the statements of "NewPharm" "Gallagher" has been damaged.

## COUNT VII

## NEWPHARM'S VIOLATION OF M.G.L. c. 93A

56. "Gallagher" realleges paragraphs 1-55 and incorporates the same as if fully incorporated herein.

57. On or about March 10, 2005 "Gallagher" sent a M.G.L. c. 93A demand letter to "NewPharm" (93A demand incorporated herein and attached hereto at Exhibit A.)

58. As a result of "NewPharm's numerous violations of the consumer protection law "Gallagher " has been damaged.

WHEREFORE, plaintiff "Gallagher" demands relief and judgment against "NewPharm" as follows:

1. In an amount of damages to be determined by this Court, or jury, plus treble damages, pre-judgment interest, post-judgment interest, costs and reasonable attorneys' fees allowed by statute or otherwise.

2. For such other relief as this Court deems just and proper.

**PLAINTIFF CLAIMS TRIAL BY JURY ON ALL ISSUES TRIABLE BY JURY**.

ROBERT J. GALLAGHER

By his attorney,

/s/ Robert D. Canty, Jr.

.   Robert D. Canty, Jr.
(BBO #560406)
Fee, Rosse & Lanz, P.C.
321 Boston Post Road
Sudbury, MA 01776
978-440-7000
978-440-7650 fax
www.feelaw.com

<u>Certificate of Service</u>

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent by first class mail to those indicated as non registered participants on the 27t$^h$ day of July, 2006.
   Robert D. Canty, Jr

**EXHIBIT A**

Subj: **RE: I STILL MUST WAIT 30 DAYS UNDER 97 A TO FILE.**
Date: 3/10/05 10:34:24 A.M. Eastern Standard Time
From: ralphjordan@newpharm.net
To: Revdrbob@aol.com

Ok Im glad to hear that

---

**From:** Revdrbob@aol.com [mailto:Revdrbob@aol.com]
**Sent:** Thursday, March 10, 2005 5:29 PM
**To:** ralphjordan@newpharm.net
**Subject:** I STILL MUST WAIT 30 DAYS UNDER 97 A TO FILE.

"As for any action you wish to take against me, it will be my pleasure to face you in court."

**Thanks for that information but 97A still requires that I wait 30 days before filing any complaint in order to give you ample time to reply.**
Any further communication must be by posted mail. I will no longer discuss a matter with legal ramifications- and you would be wise to do the same.
Robert J. Gallagher

============================================================

## _Unfair Business Practices in Using Slander Against Customer_

## Massachusetts General Laws, Chapter 93A, Section 9, Demand Letter

FROM: **(The Rev. Dr.) Robert J. Gallagher**
688 Boston Post Rd.
Unit 103
Marlborough, Massachusetts 01752
RevDrBob@aol.com

TO: **Rehovaot/DrugStoreBestBuys.com, Ralph Jordan**
http://www.drugstorebestbuys.com/levitra.htm    service@newpharm.net,

cc **Commonwealth of Massachusetts
Office of Consumer Affairs and Business Regulation**
10 Park Plaza, Suite 5170
Boston, MA 02116
- consumer@state.ma.us

I hereby make the following demand upon you via *Massachusetts General Laws, Chapter 93A, Section 9*, informally known as a *Demand Letter* for the following unfair business and illegal practices specifically performed by Ralph Jordan:

On March 10, 2005, at approximately 7:10 a.m. a man identifying himself as Ralph Jordan of NewPharm.net telephoned me at my home telephone 508-786-0848 and accused me of internet fraud after I had filed a complaint with the FTC Federal Trade Commission and with the Commonwealth of Massachusetts Office of Consumer Affairs and Business Regulation due to NewPharm's failure to credit me with $314 for a 02/08/2005 online purchase of Product **LEVITRA (10348)**. I had within twenty-four hours canceled the order but received no reply. I had allowed UPS to return packaged medication unopened but then received AAA VISA CREDIT CARD STATEMENT with charge for $314.
While attempting to explain this to Mr. Jordan during his phone call to me, he insisted that I had received the

Thursday, March 10, 2005 America Online: Revdrbob

medication and accused me of internet fraud, despite my insistence that all he need to is contact UPS to ascertain that I had never received the medication.

Minutes later he telephoned again and **left a message on my answering machine** accusing me of **internet fraud**, threatening to call the FBI and local police, and stating that he would **notify the local newspapers** that I was the "kind of Doctor and Reverend" who was a **"shame to your religion"** and a **"disgrace to your profession."**

A member of my family residing with me overheard the message on the answering machine. *That in and of itself constitutes the "publishing" of defamation*.

The injury and damage here are tenuous but will soon be determined with the advice of counsel. In the meanwhile, M.G.L. **Chapter 93A** gives you the opportunity to make a good-faith response to this memo within thirty (30) days. Under that Massachusetts law, your failure to so respond subjects you to *triple damages, attorney's fees and costs* once the complainant decides to institute legal action in the courts.

Yours truly,
Robert J. Gallagher

cc Commonwealth of Massachusetts
   Office of Consumer Affairs and Business Regulation
   10 Park Plaza, Suite 5170
   Boston, MA 02116
- consumer@state.ma.us